THOMAS J. LEWIS, Respondent, v. E. M. PALLIN, Appellant.

### Kansas City Court of Appeals, April 4, 1892.

**Practice, Appellate:** FAILURE OF PROOF. Where the plaintiff fails to prove his cause of action, a judgment in his favor will be reversed.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

REVERSED.

*Kendall B. Randolph*, for appellant.

The verdict is not supported by the evidence. *Lionberger v. Pohlman*, 16 Mo. App. 392; *Zwisler v. Storts*, 30 Mo. App. 163; *Fischer v. Trans. Co.*, 13 Mo. App.

133. The verdict is against the entire weight and current of the testimony. *Taylor v. Fox*, 16 Mo. App. 527, 531.

No brief for respondent.

SMITH, P. J.—This was a suit commenced by the plaintiff against defendant before a justice of the peace to recover ten cents per cubic yard for putting upon certain lots of defendant thirty-two hundred cubic yards of earth ; that defendant had paid plaintiff $244.15, leaving a balance due amounting to $75.85. The case was taken by appeal to the circuit court where plaintiff had judgment for $65.85, from which defendant appeals.

About the only question presented for our determination is whether the evidence adduced in the case is sufficient to support the verdict. It shows that the plaintiff and defendant made an agreement by which the plaintiff was to remove dirt from a certain hill and with it fill up the defendant's lots for ten cents per cubic yard ; that the quantity of dirt so removed was to be ascertained by the county surveyor. The payment was to be made on the certified estimate of that officer. The county surveyor, Fardwell, and Casey, his deputy, made the measurement and found the quantity to be twenty-three hundred cubic yards. Each made the calculation. Mr. Casey left a slip of paper in the office of his principal showing the quantity just stated. The plaintiff stated that the surveyor furnished him an estimate showing the quantity of dirt removed to have been thirty-two hundred cubic yards. But the paper showing this estimate was produced by plaintiff at the trial when it was shown to have been in neither the handwriting of Fardwell nor Casey. Casey testified that he did not deliver any such estimate to plaintiff, and that he did not recognize the handwriting of the same. In Mr. Fardwell's affidavit, filed with the motion for a new trial, it is stated that he went over and recast the

measurements made by Casey and ascertained the correct quantity to be twenty-three hundred cubic yards, and that Casey gave plaintiff no certificate of the quantity of dirt removed.

It is quite clear that the claim made by plaintiff, that the defendant owed him a balance for removing three hundred cubic yards of dirt, was not supported by the certificate of the engineer that such was the correct quantity. The paper which plaintiff seems to have supposed the certificate of the county surveyor was proven to be fictitious. No such paper had been delivered to plaintiff by either Fardwell or Casey. There was no proof beyond this that the quantity of dirt removed was thirty-five hundred cubic yards. The highest quantity proven is that of twenty-three hundred cubic yards—and no more. The jury must have allowed the plaintiff for thirty-two hundred cubic yards when he should have been allowed for only twenty-three hundred cubic yards. He was allowed for one thousand cubic yards too much. Plaintiff proved that he removed twenty-three hundred cubic yards of dirt, which, at ten cents per yard, amounted to $230. The defendant paid him according to his statement $244.15, which is $14.15 in excess of the amount he was entitled to recover under the evidence. We think, therefore, that the plaintiff failed to prove up his alleged cause of action, and for that reason the judgment will be reversed. All concur.